UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EMMALEE FORRESTER, KATELYN
ESTEPP, VICTORIA LANGLOIS,
JUSTYSE PERRY, TAYLOR SEYMOUR,
MADISON BEVAK, HOLLY
MESSERSCHMITT, ALYSSA CRAIGIE,
DYNASTIE ROBERTSON, and
SHELBY UNDERWOOD,

      Plaintiffs,

v.

CLARENCEVILLE SCHOOL DISTRICT,
PAUL SHEPICH, TROY NELSON,
ALAN KANTOR, DAVID BERGERON,
RENEE VALENTINE and JASON DEBANDT,
Jointly and severally,

      Defendants.

Case No. 3:20-cv-012727

Hon. Robert H. Cleland

Magistrate David R. Grand

**Stipulated Protective Order
Regarding the Production
and Disclosure of Confidential
Information**

---

SOMMERS SCHWARTZ, P.C.
Robert Sickles (P29086)
Andrew Kochanowski (P55117)
Lisa M. Esser (P70628)
Elaina S. Bailey (P82461)
Attorneys for Plaintiffs
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300/(248) 936-4015 (fax)
rsickles@sommerspc.com
akochanowski@sommerspc.com
lesser@sommerspc.com
ebailey@sommerspc.com

KELLER THOMA, P.C.
Gouri G. Sashital (P64628)
Kathryn E. Jones (P75431)
Attorneys for Defendants
Clarenceville School District,
Paul Shepich, Troy Nelson, Alan Kantor,
David Bergeron and Renee Valentine
26555 Evergreen Road, Suite 550
Southfield, MI 48076
(313) 965-8936/(313) 965-4480 (fax)
gsr@kellerthoma.com
kej@kellerthoma.com

| | |
|---|---|
| RUGGIRELLO, VELARDO, NOVARA, BURKE & REIZEN PC | McGRAW MORRIS, P.C. |
| James D. Reno (P72990) | Craig R. Noland (P30717) |
| Attorneys for Debandt | Co-Counsel for Debandt |
| 65 Southbound Gratiot | 300 Ottawa Avenue, NW, Suite 820 |
| Mt. Clemens, MI 48043 | Grand Rapids, MI 49503 |
| (586) 469-8660 | (616) 288-3700/Fax: (616) 214-7712 |
| jreno@rvnvlaw.com | cnoland@mcgrawmorris.com |

## STIPULATED PROTECTIVE ORDER REGARDING THE PRODUCTION AND DISCLOSURE OF CONFIDENTIAL INFORMATION

The parties, through counsel, recognize the privacy interests of students under federal and state law, and Plaintiffs' privacy interests in their personal health information. In recognition of those interests, and to further facilitate the exchange of information and documentation in the pending action, the parties, through Counsel, stipulate and agree as follows:

1. This Stipulated Protective Order applies to the parties, their counsel and staff, and other agents and representatives of the parties, including consultants, expert witnesses, legal copy service providers, insurance representatives, selected mediators and appointed case evaluators. Each such person shall be given a copy of the Order and agree to conform with its terms.

2. All information and documents generated and exchanged during facilitative mediation or any other ADR process are to remain confidential and are not to be used for any other purpose. In the event of settlement through the mediation process, all such documents, including all copies, shall be destroyed.

3. The privacy interests of current and former students of Defendant Clarenceville School District, other than the named Plaintiffs, shall be protected in accordance with the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g and its implementing regulations. Specifically, educational records and personal identifiable information ("PII") of non-

1

        Plaintiff students may be released in accordance with the rules governing disclosure set forth in FERPA; if released, such educational records and PII shall be designated as confidential and shall be subject to the terms and limitations of this Stipulated Protective Order.

4. Plaintiffs authorize the release of all records maintained by educational institutions, and specifically waive any rights otherwise provided by FERPA and its implementing regulations. Defendant Clarenceville School District and other educational institutions attended by the Plaintiffs shall provide unredacted educational, academic, counseling, disciplinary and investigatory records pertaining to Plaintiffs, including without limitation, documents and information ordinarily covered by any federal privacy laws, as may be requested through the general rules of discovery. Any such documents pertaining to Plaintiffs shall be subject to the terms and limitations of this Stipulated Protective Order.

5. All educational records and PII referenced in paragraphs 3 and 4 shall be used solely for the purposes of this lawsuit, and may not be disclosed except as provided herein.

6. All persons who obtain educational records and PII referenced in paragraphs 3 and 4 are enjoined from using such information except for the limited purposes of this case. A breach of this provision may subject the individual to appropriate judicial sanctions at the discretion of the Court.

7. Upon the resolution of the pending litigation, all persons possessing educational records and/or PII referenced in paragraphs 3 and 4 shall destroy such documents, including all copies.

8. To the extent that educational records and/or PII of non-Plaintiff students, as referenced in paragraph 3, are used in public filings, then such records and/or PII shall be redacted to the extent necessary to protect the identity of the non-Plaintiff students.

9. All documents pertaining to Plaintiffs', including "personal health information" protected under the Health Insurance Portability and Accountability Act (hereinafter HIPAA), 42 U.S.C. § 1302d, *et seq.* and the regulations promulgated under 42 CFR §§ 160, 164, *et seq.* are confidential and subject to the terms and limitations of this this Stipulated Protective Order.

10. Defendants' counsel, and any other person referenced in paragraph 1 above, are prohibited from using or disclosing the protected health information, for any purpose other than this action, and upon resolution of this action such persons possessing Plaintiffs' written or otherwise recorded protected health care information shall destroy or return the information (including all copies made) to the health care provider.

11. The production of documents subject to this Stipulated Protective Order does not constitute an admission or agreement that such documents are admissible as evidence in this case.

12. This Order shall continue in effect unless otherwise ordered by the Court. This Order shall not prevent any party from applying to the Court for further or additional protective orders, from propounding objections to discovery, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

IT IS SO STIPULATED.

| | |
|---|---|
| /s/ Lisa M. Esser *(w/consent)*<br>Lisa M. Esser (P70628)<br>Attorney for Plaintiffs | /s/ Craig R. Noland *(w/consent)*<br>Craig R. Noland (P30717)<br>Co-Counsel for Defendant Debandt |
| /s/ James D. Reno *(w/consent)*<br>James D. Reno (P72990)<br>Attorney for Defendant Debandt | /s/ Gouri G. Sashital<br>Gouri G. Sashital (P64628)<br>Attorney for Defendants Clarenceville School District, Shepich, Nelson, Kantor, Bergeron and Valentine |

Dated:  March 8, 2021

## PROTECTIVE ORDER

The stipulation of the parties has been reviewed and is approved.

IT IS SO ORDERED.

s/Robert H. Cleland<br>Honorable Robert H. Cleland

Dated:  March 8, 2021