# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

EMMALEE FORRESTER, *et al.*,

        Plaintiffs,

v.                                           Case No. 20-12727

CLARENCEVILLE SCHOOL DISTRICT,
*et al.*,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS'
## MOTIONS TO DISMISS AS TO PLAINTIFF CRAIGIE'S CLAIMS

Plaintiffs are former students at Defendant Clarenceville School District who were allegedly harassed and assaulted by a choir and theater teacher, Defendant Jason Debandt. (ECF No. 13, PageID.141.) On August 20, 2021, the parties—except for *pro se* Plaintiff Alyssa Craigie—stipulated that all claims against Defendants Clarenceville School District, Paul Shepich, Dave Bergeron, Renee Valentine, Troy Nelson, and Alan Kantor (collectively referred to as "Clarenceville Defendants") are dismissed. The court entered an order to that effect. (ECF No. 59.) The court also previously dismissed Plaintiffs' state law claims against Defendant Debandt without prejudice. (ECF No. 44, Page ID.629.) Accordingly, the only remaining claims after the August 20 stipulation are the claims against Defendant Debandt under 42 U.S.C. § 1983, brought by Plaintiffs Forrester, Perry, Messerschmitt, and Craigie, to the extent their claims arise from abuse occurring after October 6, 2017. (ECF No. 13, PageID.185; ECF No. 51, PageID.747–48.) However, because Plaintiff Craigie did not join the stipulation entered on August 20,

2021, her claims against both Defendant Debandt *and* the Clarenceville Defendants still stand. (*Id.*)

Before the court are Defendant Debandt's and the Clarenceville Defendants' motions to dismiss Plaintiff Craigie's claims. (ECF Nos. 55, 57.) All Defendants argue that Plaintiff Craigie's claims should be dismissed under Federal Rule of Civil Procedure 41(b) for her failure to prosecute the action. (ECF Nos. 55, 57.) For the reasons set forth below, the court agrees.

Under the Federal Rules of Civil Procedure, a court is empowered to dismiss a plaintiff's action with prejudice "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). *See also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The power is necessary "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further serves to avoid "unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Courts consider four major factors in determining whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

2

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). While no single factor is outcome dispositive, "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

As to the first factor, the reason behind Plaintiff Craigie's failure to prosecute is not absolutely clear. But even if there is some doubt as to whether a plaintiff's failure to prosecute is due to willfulness, bad faith, or fault, a "plaintiff cannot expect that the [c]ourt or defendants will be able to find him, and defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend [the] case." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). In this case, Plaintiff Craigie appears to have completely abandoned her action. Defendants have attempted to contact her for several months regarding discovery requests, but they have not heard back from her. (ECF No. 55, PageID.769; ECF No. 57, PageID.788; ECF No. 57-3, PageID.816–17.) Even Plaintiff Craigie's own attorneys were forced to withdraw from representation because, "[d]espite thirteen separate attempts (via email, telephone, mail, and messenger)" to contact her, they were completely "unable to communicate with her or obtain her discovery responses in this matter." (ECF No. 39, PageID.556.) Her attorneys believed she was receiving all of their messages "but simply [would] not respond." (*Id.*) Thus, it appears Plaintiff Craigie has willfully abandoned this case.

As to the second factor, these major delays in discovery undoubtedly prejudice Defendants. Plaintiff Craigie has not acknowledged discovery requests dating as far back as January 2021. (ECF No. 57, PageID.784; ECF No. 57-3, PageID.816–17.) Defendants have attempted to contact her to remind her of these requests, but to no

3

avail. (ECF No.57-3, PageID.816–17.) These lengthy delays can result in unnecessary burdens on Defendants, including "investment of time and resources." *See White*, 2008 WL 2216281, at *5. Additionally, without any communication from Plaintiff Craigie, Defendants have no opportunity to obtain necessary information in discovery to properly defend themselves.

Like the first two factors, the third and fourth factor also weigh in favor of dismissal. The court has not specifically warned Plaintiff Craigie that dismissal would be imminent if she failed to take action, but the court finds that such a warning—or the imposition of any other sanctions—would be futile. *See, e.g.*, *White*, 2008 WL 2216281, at *5; *McCaskill v. Haas*, No. 14-CV-12157-DT, 2015 WL 3932518, at *3 (E.D. Mich. June 26, 2015). She has demonstrated an abandonment of her case for nearly eight months, evinced in part by a failure to respond to these motions to dismiss before the court. While "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant," dismissal is appropriate where there is a pattern of delay or apparent abandonment of a case. *See McCaskill*, 2015 WL 3932518, at *3 (quoting *White*, 2008 WL 2216281, at *5). Here, there is more than a mere "pattern of delay." Plaintiff Craigie has failed to communicate with either the court or any party to the case for months. And Plaintiff Craigie was on notice the court was inclined to dismiss her case for want of prosecution as early as May 17, 2021; the court noted in an order approving the withdrawal of her counsel that she "appear[ed] to have abandoned her claims." (ECF No. 46, PageID.633.) Indeed, all other Plaintiffs were recently involved in meaningful settlement discussions and facilitation, but Plaintiff Craigie did not participate. (*See* ECF No. 57, PageID.785; ECF No. 59.)

4

In summary, the court finds it appropriate to dismiss Plaintiff Craigie's claims against all Defendants for want of prosecution. It is apparent she no longer desires to move forward with this action.[1] Accordingly,

IT IS ORDERED that Defendants Clarenceville School District, Paul Shepich, Troy Nelson, Alan Kantor, David Bergeron, and Renee Valentine's Motion to Dismiss Plaintiff Alyssa Craigie's Case for Failure to Prosecute (ECF No. 57) is GRANTED.

IT IS FURTHER ORDERED that Defendant Debandt's Motion to Dismiss Claims of Plaintiff, Alyssa Craigie (ECF No 55) is GRANTED.

Finally, IT IS ORDERED that all of Plaintiff Craigie's claims are DISMISSED WITH PREJUDICE.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 7, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12727.FORRESTER.MotionToDismissCraigie.MAZ.2.docx

---

[1] Defendant Debandt alternatively seeks dismissal under Federal Rule of Civil Procedure 37(b). Because the court will dismiss Plaintiff Craigie's claims for failure to prosecute, there is no need to address alternative grounds for dismissal.

5